[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15364
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-02100-VMC-JSS

JOHAN SEBASTIAN ALZAT CALIXTO,

Plaintiff - Appellant,

versus

HADYLLE YUSUF LESMES,

Defendant - Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(March 6, 2019)

Before JORDAN, ROSENBAUM, Circuit Judges, and MARTINEZ,[*] District
Judge.

---

[*] Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida,
sitting by designation.

PER CURIAM:

When this Hague Convention case was last before us, we remanded for further factual findings and retained jurisdiction over the appeal. *See Calixto v. Lesmes*, 909 F.3d 1079, 1093 (11th Cir. 2018). On remand, the district court ruled that, as of November of 2016, M.A.Y.'s habitual residence had changed to the United States based upon Mr. Calixto's unconditional consent. *See* D.E. 87 at 6–11.

Specifically, the district court credited Ms. Lesmes' testimony and found that (1) the romantic relationship between Ms. Lesmes and Mr. Calixto ended in August of 2015; (2) the parties were not a couple in October or November of 2015; (3) the travel consent form (signed in November of 2015) indicated Mr. Calixto's agreement that M.A.Y. would move to the United States; (4) the return date on the travel consent form indicated that Mr. Calixto wanted M.A.Y. to visit him in Colombia if he could not gain entry into the United States; and (5) Mr. Calixto never applied for permanent residency in the United States. Based upon these factual findings, the district court concluded that Mr. Calixto shared with Ms. Lesmes an unconditional intent to change M.A.Y.'s habitual residence to the United States, regardless of his own ability to enter and move to the United States and live there with Ms. Lesmes and M.A.Y. as a family. As a result, Mr. Calixto had not established that M.A.Y. was a habitual resident of Colombia in November of 2016—and therefore had not made out a prima facie case under the Hague Convention.

Having reviewed the parties' supplemental briefs, we affirm the district court's denial of Mr. Calixto's Hague Convention petition. Simply stated, the factual findings on shared intent made by the district court—some of which were based on credibility determinations—are not clearly erroneous. *See Gomez v. Fuenmayor*, 812 F.3d 1005, 1007–08 (11th Cir. 2016); *Ruiz v. Tenorio*, 392 F.3d 1247, 1251–52 (11th Cir. 2004).

**AFFIRMED.**